**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

Trey Dayes (AZ. Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ. Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins-(AZ. Bar # 030351)
johnc@phillipsdayeslaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Strand, a single woman | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY DEMAND** |
| Sun Life Assurance Company of Canada, Inc. a Massachusetts corporation; Brookline College, L.L.C., a Delaware limited liability company; | |
| Defendants. | |

Plaintiff alleges:

## NATURE OF THE CASE

1.     This matter is brought under 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiff for Life insurance benefits under an employee benefit plan regulated and governed under ERISA.

## JURISDICTION AND VENUE

2.      Jurisdiction of the court is based upon ERISA; and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the District Court's jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

3.      Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

4.      The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

5.      At all times relevant, Plaintiff was the sole eligible dependent of her mother, a Plan participant, and as such, Plaintiff was a participant in and eligible for benefits under the Plan.

6.      At all times material hereto, Plaintiff was and continue to be a resident of Maricopa County, Arizona.

7.      Plaintiff's mother, DeeDee Louise Vanhoy Kirchner, worked for Brookline College. Ms .Kirchner passed away on June 11, 2013.

8.      Ms. Kirchner purchased and paid for life insurance through Sun Life Assurance

Company of Canada.

9.     On information and belief that Defendant Sun Life Assurance Company of Canada (hereinafter "Sun Life"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts.

10.     Upon information and belief, Defendant Brook Line College, LLC sponsored, subscribed to and administered a group life insurance policy, which was fully insured and administered by Sun Life. The specific Sun Life group life insurance policy is known as group policy number 221728. Upon information and belief, the Company's purpose in subscribing to the Sun Life policy was to provide life insurance and other benefits for its employees. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

11.     Upon information and belief, Plaintiff believes Sun Life operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was eligible for benefits as well as the payor of benefits; *to wit,* Sun Life's conflict existed in that if it found Plaintiff was eligible for benefits it was also liable for payment of those benefits.[1]

---

[1] Where a plan administrator "both decides who gets benefits and pays for them … it has a direct financial incentive to deny claims," and therefore "labors under … a conflict of interest." *Saffon v. Wells Fargo & Co. Long Term Disability Plan,* 511 F.3d 1206, 1211 (9th Cir. 2008*). See also Metropolitan Life Ins. Co. v. Glenn,* 128 S. Ct. 2343, 2349-50) (2008) (dual role where administrator both determines eligibility for benefits and funds benefits creates a conflict of interest). Pursuant to *Abatie,* "a reviewing court must always consider the inherent conflict that exists when a plan administrator both *administers and funds it." Saffon, 511 F.3d at 1211 (quoting Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 967 (9th Cir. 2006)(emphasis added). "When reviewing a discretionary denial of benefits by a plan administrator who is subject to a conflict of interest, [the Court] must determine the extent to which the conflict influenced the administrator's decisions and discount to that extent the deference … accorded the administrator's decision." *Id.* at 1212. As the Supreme Court recently explained, the "conflict of interest...should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to cases where an insurance company administrator has a history of biased claims administration." *Glenn, 128 S. Ct. at 2351.*

---

12.     Plaintiff was the sole beneficiary of the life insurance.

13.     Sun Life is, and at all times relevant hereto was, authorized to transact and was in fact transacting the business of insurance in Arizona.

14.     Sun Life, at all times relevant hereto, was the Claims Administrator for Defendant Brookline College's Group Life Insurance Policy ("The Plan").

15.     At all times material hereto, Brookline College, LLC was incorporated in the State of Delaware and is authorized to conduct business in Arizona.

16.     The Plan is an ERISA plan as defined by 29 U.S.C. § 1002.

17.     Upon information and belief that Brookline College is, and at all relevant times was the Plan sponsor.

18.     Upon information and belief Brookline College is a Delaware limited liability company with employees working in Arizona and other states.

19.     During her employment with Brookline College, Kirchner participated in The Plan, including Group Life Insurance.

20.     Kirchner listed Plaintiff as the sole beneficiary of any benefits to be paid under The Plan.

21.     On information and belief Sun Life and Brookline College are both the Claims Administrator and Plan Administrator of The Plan.

22.     Accordingly, Sun Life and Brookline College are fiduciaries of Plaintiff as defined by ERISA as either a "named fiduciary" of The Plan pursuant to 29 USC § 1133(2), a "deemed fiduciary" pursuant to 29 USC § 1002(21)(A), or a "designated fiduciary," pursuant to 29 USC § 1105(c)(1)(B).

**FACTUAL BACKGROUND**

23.     Ms. Kirchner began her employment with Brookline College on March 11, 2013.

24.     On Monday, April 30, Ms. Kirchner called in to work and advised her employer she was ill. Her employer granted her the time off.

25.     Ms. Kirchner was not terminated. Brookline College allowed Ms. Kirchner the time off from work.

26.     On May 1, Ms. Kirchner was admitted into the hospital.

27.     Ms. Kirchner was in the hospital from May 1st through May 9th.

28.     Ms. Kirchner's benefits, including health insurance, became active as of May 1. Brookline College's HR department confirmed this to Ms. Kirchner.

29.     Insurance and other benefit premiums were being deducted out of Ms. Kirchner's bi-monthly pay.

30.     Ms. Kirchner subscribed to Sun Life's disability and group life insurance policy; policy number 221728.

31.     While Ms. Kirchner was in the hospital, it was discovered she had stage 4 lung cancer.

32.     More medical procedures and tests were administered and it was learned the cancer had spread to Ms. Kirchner's brain and spinal cord.

33.     From May 10th through May 19th, Ms. Kirchner underwent further examination.

34.     On May 20th, Ms. Kirchner began making plans to go back to work as she believed she could continue to perform her duties. However, she broke her arm on the 20th.

35.     On May 22nd, further exams revealed the cancer was even more wide spread than

it was originally assumed. The original diagnosis was that Ms. Kirchner was going to live for another 6 months; based on the new evidence, Ms. Kirchner had less than two weeks to live.

36.    On May 23rd, Ms. Kirchner applied for, and received Short Term Disability benefits under **the same** Sun Life benefits policy, group plan number 221728.

37.    In May 24th, 2013, Brookline informed Ms. Kirchner that she was being placed on inactive status **as of May 24, 2013.**

38.    According to The Plan, if Ms. Kirchner passed away, Sun Life agreed to pay her beneficiary 1.5 times Ms. Kirchner's annual earnings.

39.    Ms. Kirchner's benefits became active on the first day of the month following 30 days of employment. Therefore her benefits became active on May 1.

40.    Sun Life paid disability benefits under the same policy which requires the same active date for benefits.

41.    Ms. Kirchner passed away on June 11, 2013.

42.    Plaintiff, the sole beneficiary of Ms. Kirchner's life insurance benefits, made a claim for the benefits to Sun Life on June 27th.

43.    On July 11th, Sun Life denied benefits under the Plan. Citing that Ms. Kirchner was not an active employee as of May 1.

44.    Plaintiff appealed this decision, pointing out that Sun Life had already paid out benefits under the same plan that required the same date of active employment.

45.    On August 6th, Sun Life denied Plaintiff's appeal.

46.    Sun Life's denial failed to provide Plaintiff with a full and fair review by failing to properly investigate her claim in violation of ERISA, specifically 29 C.F.R. § 2560.503 1(h)

because it again completely failed to reference, consider and/or selectively reviewed most if not all of his evidence which adequately documented objective medical evidence.

47.     Sun Life has notified Plaintiff she has exhausted her administrative appeals.

48.     Plaintiff believes a reason Sun Life terminated her claim for life insurance benefits is due to its aforementioned structural financial conflict of interest in that it was the sole decision maker with regard to whether benefits were available to Plaintiff pursuant to the policy and the payor of benefits if it approved Plaintiff's claim.

49.     In evaluating Plaintiff's claim on appeal, Sun Life had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interest and other participants" which it failed to do. Plaintiff believes the reason Sun Life provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its conflict of interest and this conflict is the reason her life insurance claim was denied.

50.     Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Sun Life and any individual who reviewed his claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced Sun Life's decision to deny her claim.

51.     With regard to whether Plaintiff meets the definition set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo* because the unlawful violations of ERISA committed by Sun Life as referenced herein are flagrant.

52.     As a direct result of Sun Life's decision to deny Plaintiff's life insurance claim she has been injured and suffered damages in the form of lost life insurance benefits in addition to other potential employee benefits she may have been entitled to receive through or from the

Plan and/or Company as a result of her mother's passing.

53.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

54.     Plaintiff is entitled to prejudgment interest pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for the losses she incurred as a result of Defendants' nonpayment of benefits.

## COUNT ONE
## FOR BREACH OF CONTRACT AND RECOVERY OF BENEFITS AND ENFORCEMENT OF RIGHTS PURSUANT TO SECTION 502 (a)(1)(B) OF ERISA

55.     Plaintiffs incorporate and adopt paragraphs 1 through 54 through above as if fully set forth herein.

56.      Defendants' failure to pay Plaintiff's claim for benefits and the determination that Plaintiff was not entitled to receive benefits violates the terms of the Plan and ERISA.

57.     As a proximate result of Defendants' violations, Plaintiff has been harmed and, *inter alia*, has been deprived of her rights to the life insurance benefits.

58.     Plaintiff is entitled to declaratory, injunctive and other equitable relief, including, but not limited to, an order declaring that Defendants violated ERISA and the terms of the Plan, enjoining Defendants from violating ERISA and the terms of the Plan, directing Defendants to pay Plaintiff the life insurance benefits of the Plan accordance with the terms of the Plan and to immediately pay Plaintiff all benefits wrongfully denied, together with pre-judgment interest and attorneys' fees and costs.

## <u>COUNT TWO</u>
## <u>RECOVERY OF PLAN BENEFITS</u>

59.     Plaintiffs incorporate and adopt paragraphs 1 through 58 above as if fully set forth herein.

60.     A participant is entitled to recover benefits due under the terms of a plan, to enforce rights under the terms of a plan, and to clarify rights to future benefits under the terms of a plan. See 502(a)(1)(B) of ERISA and 29 U.S.C. § 1132(a)(1)(B).

61.     Under the terms of the Plan, Defendants agreed to provide Plaintiff, as the sole beneficiary of DeeDee Kirchner, with death benefits in the event of Kirchner's death.

62.     Plaintiff alleges on information and belief that Kirchner's death was an event that falls within the Life Insurance coverage afforded by The Plan and therefore benefits should be awarded.

63.     Defendants have denied Plaintiff's benefits.

64.     Denial of benefits constitutes a breach of the Plan between Defendants and Plaintiff as the beneficiary of Kirchner.

65.     Defendants breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous and in violation of § 503 of ERISA.

66.     Defendants failed to act with the requisite care, skill, prudence, and diligence required under ERISA 404(a).

67.     Sun Life's adverse benefit determination was based on a conflict of interest as Sun Life is the funding source and the payer of claims.

68.     Defendants' decision was tainted by a structural conflict of interest that requires its decision be reviewed with increased skepticism.

69.     Defendants' procedural violations of ERISA and its regulations require that its decision be reviewed with increased skepticism.

70.     Plaintiff seeks reimbursement and compensation for any and all benefits she would have received as a result of Defendants' failure to provide coverage in an amount presently unknown but to be determined at the time of trial.

71.     As a direct and proximate result of the aforementioned conduct of the Defendants in failing to pay benefits to Plaintiff, Plaintiff has been damaged in an amount equal to the amount of benefits due under the terms of The Plan.

72.     As a direct and proximate result of Defendants refusing to provide coverage and benefits upon the death of Kirchner, Plaintiff has suffered, and will continue to suffer, damages under The Plan, plus interest and other economic and consequential damages in an amount to be determined at trial.

73.     Plaintiff, as beneficiary of the benefits under The Plan, is entitled to payment of benefits, declaratory, injunctive and other appropriate equitable relief, together with prejudgment interest at the appropriate rate, attorney's fees and costs.

## COUNT THREE
## TO REDRESS DEFENDANTS' BREACHES OF FIDUCIARY DUTY PURSUANT TO SECTION 502(a)(3) OF ERISA

74.     Plaintiff incorporates and adopts paragraphs 1 through 73 above as if fully set forth herein.

75.     ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1) provides in relevant part:

(1) Subject to Sections 403(c) and (d), 4042, and 4044, a
fiduciary shall discharge his duties with respect to a plan
solely in the interest of the participants and beneficiaries
and–
(A) for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries; and
(ii) defraying reasonable expenses of administering the plan;
(B) with the care, skill, prudence, and diligence under
the circumstances then prevailing that a prudent man
acting in a like capacity and familiar with such matters
would use in the conduct of an enterprise of a like
character and with like aims;
***
(D) in accordance with the documents and instruments
governing the plan insofar as such documents and
instruments are consistent with the provisions of this title
and title IV.

76.     By the acts and omissions complained of above, including, *inter alia*, by denying life insurance benefits to participants on the basis that they failed to Kirchner was employed by Brookline College through June 1, Defendants systemically, arbitrarily and discriminatorily applied criteria in order to improperly deprive Plaintiff of rights in violation of ERISA, applicable regulations and the terms of the Plan, and accordingly, Defendant Plan Administrator breached its fiduciary duty.

77.     As a proximate result of Defendant Plan Administrator's breaches of fiduciary duty, Plaintiff has been harmed and, *inter alia*, has been deprived of rights to be made whole for Defendants' violations of ERISA and to receive life insurance benefits.

78.     As alleged herein, Defendants have breached their fiduciary duties and obligations by purposefully interfering with Plaintiff's rights to receive benefits under the Plan.

79.     Defendants have breached their fiduciary duties and obligations by failing to

make or authorize benefit payments to plan members, including Plaintiff, at a time when Defendants knew or should have known that plan members, including Plaintiff, were entitled to said benefits under the terms of the Plan.

80.     Defendants have breached their fiduciary duties and obligations by unreasonably or arbitrarily withholding payments from plan members, including Plaintiff, in bad faith, knowing the plan members' claims, including Plaintiff's claims, for benefits under The Plan to be valid.

81.     Defendants have breached their fiduciary duties and obligations by unreasonably, arbitrarily and in bad faith failing to pay plan members benefits, including Plaintiff, at a time when Defendants had sufficient information to justify payment.

82.     Defendants have breached their fiduciary duties and obligations by unreasonably, arbitrarily and in bad faith failing to pay benefits to Plaintiff without considering supporting information and data.

83.     Defendants have breached their fiduciary duties and obligations by misrepresenting to plan members, including Plaintiff, pertinent provisions relating to the Plan.

84.     Defendants have breached their fiduciary duties and obligations to Plaintiff by failing to provide a reasonable explanation of the basis relied upon in The Plan, in relation to the applicable facts, for the denial of claims for benefits.

85.     Defendants have breached their fiduciary duties and obligations to Plaintiff by knowingly and intentionally failing and refusing to abide by the terms of the Plan by relying upon standards, criteria and definitions which are not incorporated into the Plan.

86.     Defendants have breached their fiduciary obligations to discharge their duties

with respect to the Plan solely in the interest of Plaintiff or other participants and beneficiaries and for the exclusive purpose of providing benefits to Plaintiff and other participants and beneficiaries.

87.     Defendants have failed to discharge their duties in accordance with the documents and instruments governing The Plan.

88.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants, in order to justify their imprudent, unlawful, unfair and unreasonable denials of benefits to Plaintiff and other plan participants and beneficiaries, disregarded, misinterpreted, misrepresented and ignored the findings of qualified experts that demonstrate that benefits were owed.

89.     Upon information and belief, Defendants relied upon inappropriate exclusions in The Plan for the benefits sought by Plaintiff, did not take into consideration all relevant evidence regarding DeeDee Kirchner's death, and failed to adequately investigate utilizing qualified individuals in order to deny Plaintiff's claim.

90.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendants are continuing to breach their fiduciary responsibilities, obligations, and duties as alleged above.

91.     Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants' breach of fiduciary responsibilities is widespread practices under the Plan.

92.     As a direct and proximate result of the conduct alleged herein, Plaintiff has been injured by reason of the denial of a covered benefit under the Plan.

93.     Plaintiff is entitled to declaratory, injunctive and other appropriate equitable relief including, but not limited to, an order declaring that Defendants' application and utilization of the Plan guidelines violate ERISA and directing Defendants to make Plaintiff whole, an order declaring Defendants' procedures and criteria used to determine whether a participant qualifies for life insurance benefits are arbitrary and discriminatory and violate the terms of the Plan and ERISA and directing Defendants to discharge their obligations to participants in accordance with the provisions of § 404 of ERISA, an order enjoining Defendants from continuing to employ the current procedures and criteria for determining whether Plan participants are entitled to benefits and an order requiring Defendants to reevaluate all denials of benefits  that require appropriate motivation in accordance with the Court's order and the terms of the Plan and ERISA, to make Plaintiff whole for all losses resulting from Defendants' breaches of fiduciary duty and to cease and desist from violating ERISA's fiduciary duty requirements, together with reasonable attorneys' fees and costs.

**COUNT FOUR**
**FOR VIOLATIONS OF ERISA DISCLOSURE REQUIREMENTS, CLAIMS PROCEDURE REQUIREMENTS AND APPLICABLE REGULATIONS**

94.     Plaintiffs incorporate and adopt paragraphs 1 through 93 above as if fully set forth herein.

95.     ERISA, 29 U.S.C. §§ 1020 and 1021 and 1022 and applicable regulations provide that a summary plan description shall be furnished to participants and beneficiaries. The summary plan description must be reasonably comprehensive and accurate to apprise participants of their rights and obligations under the plan.

96.     Section 104 of ERISA, 29 U.S.C. § 1024 provides in part:

(b) Publication of summary plan description and annual report to participants and beneficiaries of plan
Publication of the summary plan descriptions and annual reports shall be made to participants and beneficiaries of the particular plan as follows:
(1) The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, a copy of the summary plan description, and all modifications and changes referred to in section 1022(a)(1) of this title--
(A) within 90 days after he becomes a participant, or (in the case of a beneficiary) within 90 days after he first receives benefits, or
(B) if later, within 120 days after the plan becomes subject to this part.
. . .
If there is a modification or change described in section 1022(a) of this title . . . a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who is receiving benefits under the plan.

97.    ERISA, 29 U.S.C. §1024(b)(4), provides in pertinent part:

(a) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, and terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated . . . .

98.    ERISA, 29 U.S.C. § 1133 and applicable regulations require that the plan administrator provide to all claimants upon request and free of charge reasonable access to and copies of all documents, records and information relevant to a claim for benefits, an appeal from denial of a claim for benefits and denial of an appeal.

99.    ERISA regulations, 29 C.F.R. § 2560.503-1, set forth the requirements of a reasonable claims procedure. The regulations provide that with respect to voluntary levels of appeal, the Plan must agree that any statute of limitations or other defense based on timeliness is tolled during the time that any such voluntary appeal is pending and must provide the claimant sufficient information relating to the voluntary level of appeal to enable the claimant

to make an informed judgment about whether to submit a benefit dispute to the voluntary level of appeal, including a statement that the decision of a claimant as to whether or not to submit a benefit dispute to the voluntary level of appeal will have no effect on the claimant's rights to any other benefits under the plan and information about the applicable rules, the claimant's right to representation, the process for selecting the decision maker, and the circumstances, if any, that may affect the impartiality of the decision maker, such as any financial or personal interests in the result or any past or present relationship with any party to the review process.

100.   ERISA regulations, 29 C.F.R. § 2560.503-1, further provide that with respect to a pre-service claim that is denied, the Plan administrator must notify the claimant of a benefit determination no later than 15 days after receipt of the claim by the plan.

> (i) The specific reason or reasons for the adverse determination;
> (ii) Reference to the specific plan provisions on which the determination is based;
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;
> (v) In the case of an adverse benefit determination by a group health plan or a plan providing disability benefits,
> (A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or
> (B) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances,

or a statement that such explanation will be provided free of charge upon request.

101. ERISA regulations, 29 C.F.R. § 2560.503-1, further provide that if a claim is denied upon review, the Plan shall notify the participant in a manner calculated to be understood by the claimant, *inter alia*:

(1) The specific reason or reasons for the adverse determination;
(2) Reference to the specific plan provisions on which the benefit determination is based;
(3) A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;
(4) A statement describing any voluntary appeal procedures offered by the plan and the claimant's right to obtain the information about such procedures described in paragraph (c)(3)(iv) of this section, and a statement of the claimant's right to bring an action under section 502(a) of the Act; and
(5) In the case of a group health plan or a plan providing disability benefits–
(i) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of the rule, guideline, protocol, or other similar criterion will be provided free of charge to the claimant upon request;
(ii) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request; and
(iii) The following statement: "You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency."

102. ERISA, 29 U.S.C. § 1132(c)(1)(B), provides in pertinent part:

> Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may, in the court's discretion, be personally liable to such participant or beneficiary in the amount of up to [$100] a day from the date of such failure or refusal and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, . . . each violation described in subparagraph (b) with respect to a single participant or beneficiary, shall be treated as a separate violation.

103.    Pursuant to the Debt Collection Improvement Act of 1996 (62 Fed. Reg. 40696) the $100 limit referred to in 29 U.S.C. §1132(c)(1)(B) was increased to $110.

104.    29 C.F.R. § 2575.502(c)(1) states in pertinent part that: "The maximum amount of the civil monetary penalty established by Section 502(c)(1) of . . . ERISA [has been] increased from $100 a day to $110 a day."

105.    By the acts and omissions set forth above, Defendants violated ERISA's disclosure requirements, claims procedure requirements and applicable regulations.

106.    As a result of Defendants' acts and omissions, Plaintiff has been damaged and her rights to benefits under the Plans, and to pursue her claims for benefits under the Plans, have been thwarted, prejudiced and delayed. Pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3) and (c)(1)(B), Plaintiff is entitled to injunctive and other equitable relief to redress Defendants' disclosure and claims procedure violations including barring Defendants from applying a six months statute of limitations in the event the six months statute of limitations is lawful and to civil monetary penalties of $110 for each day for each separate violation.

# COUNT FIVE
# DECLARATORY JUDGMENT

107.     Plaintiff incorporates and adopts paragraphs 1 through 106 above as if fully set forth herein.

108.     Plaintiff and Defendants have an ERISA dispute pending.

109.     The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

110.     Plaintiff may obtain declaratory relief.

111.     Plaintiff is entitled to life insurance benefits pursuant to 502(a)(1)(B) of ERISA and 29 U.S.C. § 1132(a)(1)(B).

112.     Sun Life operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was eligible for benefits as well as the payer of benefits

113.     It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of ERISA

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in her favor against Defendants:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of ERISA

b.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of ERISA

c.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that Sun Life acted under

an inherent conflict of interest.

    d.  For Plaintiffs' costs incurred in this action.

    e.  Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f.  For such other and further relief as the Court deems just and proper.

## COUNT SIX
## ATTORNEYS' FEES AND COSTS

114.   Plaintiff incorporates and adopts paragraphs 1 through 113 above as if fully set forth herein.

115.   29 U.S.C. section § 1132(g)(1) authorizes this Court to award reasonable attorneys' fees and costs to either party in an ERISA action.

116.   As a result of the actions of the Defendants, Plaintiff has retained the services of legal counsel and has necessarily incurred attorneys' fees and costs in prosecuting this action.

117.   Plaintiff anticipates incurring additional attorneys' fees and costs in pursuing this action, all in a final amount which is currently unknown.

118.   Plaintiff therefore requests an award of reasonable attorneys' fees and costs but no less than $28,000.00 in the event of a default.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    A. Declaring that Defendants violated the terms of the Plan;

    B. Declaring that Defendants violated ERISA including, inter alia,

Sections 102, 104, 404, 503 and applicable regulations and that Plaintiff is entitled to relief under Section 502 of ERISA;

C. In the event the six month statute of limitations is lawful, barring Defendants from applying it due to Defendant's failure to disclose the statute of limitations in violation of ERISA;

D. Requiring Defendants to make Plaintiff whole by paying all benefits owed under the Plan with prejudgment interest;

E. Enjoining Defendants from relying on any purported six month statute of limitations contained in the SPD;

F. Enjoining Defendants to comply with ERISA's disclosure and claims procedure requirements and assessing civil penalties against Defendants of $110 for each day for each separate violation that Defendants refused to provide Plan documents and instruments requested by Plaintiff;

G. Awarding Plaintiff prejudgment interest;

H. Awarding Plaintiff her reasonable attorneys' fees and costs pursuant to Section 502(g) of ERISA, 29 USC §1132(g) and/or the common fund theory, and

I. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and all similarly situated employees  hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1  Dated:  October 28, 2013                Respectfully submitted,

2                                          **PHILLIPS DAYES LAW GROUP PC**

3                                          _____/s/ "Trey" A.R. Dayes III_____
4                                          "Trey" A.R. Dayes III
                                           treyd@phillipslaw.com
5                                          Attorney for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25